# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE PUBLIC INTEREST LAW CENTER OF PHILADELPHIA, | CIVIL ACTION NO. 09-CV-2326 |
| Plaintiff, | |
| v. | (JUDGE CAPUTO) |
| POCONO MOUNTAIN SCHOOL DISTRICT, | |
| Defendant. | |

## MEMORANDUM

Presently before the Court is Defendant Pocono Mountain School District's Motion to Dismiss (Doc. 8.) For the reasons stated below, Defendant's motion will be denied. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 20 U.S.C. § 1415(i)(3)(A).

## BACKGROUND

The facts as alleged in Plaintiff's Complaint are as follows:

Plaintiff The Public Interest Law Center of Philadelphia represented Michael Medici ("Medici") in an administrative proceeding under the Individuals with Disabilities Education Improvement Act ("IDEIA").[1] (Compl. ¶ 1.) Plaintiff represented Medici in that proceeding against Defendant Pocono Mountain School District ("PMSD"). (Compl. ¶ 1.) Plaintiff did not charge Medici for its services and instead Medici signed a retainer agreement assigning

---

[1] The Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, was renamed to the IDEIA effective July 1, 2005. For consistency, all references to IDEA have been modified to IDEIA in this opinion.

the amount of any attorneys' fees awarded to Medici to Plaintiff. (Compl. ¶ 4.)

Medici requested his son's educational records from PMSD. (Compl. ¶ 10.) PMSD failed and refused to produce all records, and Medici consequently requested a due process hearing. (Compl. ¶ 10.) Medici sought representation from Plaintiff on his subsequent appeal from the hearing officer's determination. (Compl. ¶ 11.) After a series of procedural appeals, the Commonwealth of Pennsylvania Special Education Due Process Appeals Review Panel ("Review Panel") issued a final order on August 30, 2009, mandating that PMSD provide Medici with "a copy of all correspondence (e-mail, handwritten, typed) maintained by PMST and shared between/among teachers and staff pertaining to the Student or the Parent." (Compl. ¶ 16.)

Plaintiff filed a complaint in the United States District Court for the Middle District of Pennsylvania on November 25, 2009. (Doc. 1.) PMSD filed the present motion to dismiss on February 2, 2010. (Doc. 8.) This motion has been fully briefed by both parties and is now ripe for disposition.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each

necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

### I.  Statutory Framework

Section 1415 (codified at 20 U.S.C. § 1415) of the Individuals with Disabilities Education Improvement Act ("IDEIA") requires state and local educational agencies receiving federal assistance to establish and maintain procedures in compliance with the section to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free appropriate public education. Under the section's statutory scheme, a parent may request an impartial due process hearing to enforce the rights and protections afforded by the statute. 20 U.S.C. §§ 1415(b)(6), (f). Included among these is the right to inspect the education records of their children that relate to the identification, evaluation, educational placement or provision of a free appropriate public education to their children. 34 C.F.R. §§ 300.501(a), 300.613. The IDEIA also permits the recovery of attorneys' fees by certain prevailing parties. The statute states in relevant part, "[i]n any action or proceeding brought under [20 U.S.C. § 1415], the court, in its discretion, may award attorneys' fees as part of the costs ... to a prevailing party who is the parent of a child with a disability...." 20 U.S.C. § 1415(i)(3)(B).

**II. Motion to Dismiss**

Plaintiff brings a claim for attorneys' fees, assigned to Plaintiff through a retainer agreement, for a portion of the litigation between Medici and PMSD. PMSD argues that Plaintiff's complaint fails to state a claim for five reasons, each of which will be discussed below.

A. Timing

PMSD first argues that Plaintiff has filed this beyond the permitted timeframe. PMSD cites Federal Rule of Civil Procedure 54(d)(2) which states that a motion for attorneys' fees must be filed no later than fourteen (14) days after the entry of judgment. FED. R. CIV. P. 54(d)(2)(B)(I). As Plaintiff points out, the language of this rule is applicable "unless a statute or court order provides otherwise." *Id.* 54(d)(2)(B). IDEIA is such a statute, permitting civil actions within ninety (90) days of the date of the decision of the final administrative officer. 20 U.S.C. § 1415(i)(2)(B). PMSD also argues that the time period should be calculated from the date of this Court's prior order remanding the case to the Review Panel. As noted in our prior opinion, however, Medici's claim for fees was not ripe until a final determination had been made by the Review Panel. *Pocono Mountain School District v. T.M.*, No. 3:07-cv-2122, slip. op. at 18-19 (M.D. Pa. Mar. 23, 2009). In this case, Plaintiff alleges that the final determination was made on August 30, 2009. (Compl. ¶ 16.) Because Plaintiff's Complaint was filed November 25, 2009, within the ninety (90) day limit under IDEIA, Plaintiff's request for attorneys' fees is timely. PMSD's motion to dismiss on this issue will be denied.

### B. Improperly Filed

PMSD next argues that any claim for attorneys' fees must necessarily be brought under the same heading as the prior case before this Court. Neither case cited by PMSD held that attorneys' fees requests must be, or even should be, filed in the same action. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 199 (1988) (discussing attorneys' fees requests as collateral to and separate from the decision on the merits); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (discussing that attorneys' fees requests should settle and should not result in protracted litigation). Indeed I find case law stating the opposite, that a district court has subject matter jurisdiction even where a party brings a separate cause of action solely for fees incurred in IDEIA state administrative proceedings. *Woodside v. Sch. Dist.*, No. 99-cv-1830, 2000 U.S. Dist. LEXIS 568, at *4-*5 (E.D. Pa. Jan. 27, 2000). Furthermore, while attorneys' fees requests are generally brought in the same civil action, such a requirement would make little sense given the structure of the IDEIA and the inability of administrative bodies to award attorneys' fees. *Ivanlee J. V. Wilson Area Sch. Dist.*, No. 97-cv-683, 1997 WL 164272, at * 1 (E.D. Pa. Apr. 3, 1997) (citing *Dell v. Bd. of Educ., Twp. High Sch. Dist.*, 32 F.3d 1053, 1055-56 (3d Cir. 1994)). PMSD's motion to dismiss for on grounds of improper filing will be denied.

### C. Assignment

PMSD also argues that Plaintiff was not properly assigned Medici's right to attorneys' fees. Plaintiff argue that the retainer agreement attached to their complaint and argue that it clearly assigns the rights to collect attorneys' fees awarded to Medici to Plaintiff. Ordinarily, the allegation that the rights were assigned, standing alone, would be sufficient at this stage.

However, the Plaintiffs have attached a copy of the retainer agreement to the complaint and thus I may consider it even under a motion to dismiss standard. It is clear that Medici assigned the right to attorneys' fees from the representation to Plaintiff. (Retainer Agreement ¶ 13, Doc. 1, Ex. B ("[Medici] hereby assigns the full amount of those fees and costs to the Law Center").) PMSD argues that the representation was limited to the action in federal court, not the representation before the administrative panel. (Bf. in Support 8, Doc. 9.) PMSD's argument, however, clearly ignores the first portion of the same paragraph which states that "[Medici] hereby retains has retained [sic] the Law Center to provide representation in two administrative matters against the Pocono Mountain School District." (Retainer Agreement ¶ 4.) PMSD's motion to dismiss for failure to assign the right to attorneys' fees will be denied.

      D. Prevailing

PMSD argues that Medici was not a prevailing party below, and thus Plaintiff may not recover fees under the assignment. To determine whether a party is a prevailing party in the IDEIA context, the Third Circuit Court of Appeals has articulated a two-prong test: "First, 'whether plaintiffs achieved relief," and second, 'whether there is a causal connection between the litigation and the relief from the defendant.'" *J.O. v. Orange Twp. Bd. of Educ.*, 287 F.3d 267, 271 (3d Cir. 2002) (quoting *Wheeler v. Towanda Area Sch. Dist.*, 950 F.2d 128, 131 (3d Cir. 1991)). "A party need not achieve all of the relief requested nor even ultimately win the case to be eligible for a fee award." *Id*. However, "at a minimum, to be considered a prevailing party ... the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (U.S. 1989); *see also P. N.*

*v. Clementon Bd. of Educ.*, 442 F.3d 848, 855 (3d Cir. 2006) (applying standard to IDEIA). To show a change in the legal relationship between the parties, the relief must "modify[ ] the defendant's behavior in a way that directly benefits the plaintiff." *Ridgewood Bd. of Educ. v. N.E. for M.E.*, 172 F.3d 238, 251 (3d Cir. 1999) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992)).

PMSD argues that Medici did not prevail because it has already turned over the correspondence. This argument is mistaken for two reasons. First, PMSD applies an inappropriate standard and attempt to use inappropriate evidence for a motion to dismiss. When considering a motion under Rule 12(b)(6) this Court may only consider the complaint, documents attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Consideration of the extrinsic evidence provided by PMSD is inappropriate at this time. At this stage, Plaintiff only needs to allege that Medici was a prevailing party, which is clearly satisfied by the allegation that the Review Board compelled PMSD to disclose previously undisclosed correspondence. (Compl. ¶ 16.) Second, even if PMSD has disclosed the information, that does not necessarily mean that Medici did not prevail. If PMSD failed to provide the correspondence until the litigation, then fees could still be awarded because the litigation caused the records to be released. Because Plaintiff has sufficiently alleged that Medici was a prevailing party, PMSD's motion to dismiss will be denied.

E. Interim Fee Award

Finally, PMSD argues that it is inappropriate to award interim attorneys' fees because of the still pending litigation between Medici and PMSD. PMSD admits that a prevailing party may be awarded fees before the conclusion of protracted litigation if they have succeeded

8

on any significant claim affording it some relief. *Hanrahan v. Hampton*, 466 U.S. 754 757-58 (1980). It argues that because there is an appeal pending on the portion of the Review Panel's decision relating to test records, Plaintiff is barred from seeking any fees. PMSD's argument, however, paints Plaintiff's Complaint too broadly. Plaintiff admits that Medici is "a prevailing party entitled to attorneys' fees to the extent the Review Panel granted relief in his favor." (Br. in Opp'n 19, Doc. 10.) As alleged in the Plaintiff's Complaint, the only claim Medici prevailed upon was the right to copies of PMSD's correspondence relating to Medici and his son. (Compl. ¶¶ 20-21.) While it is likely that Plaintiff could not recovery attorneys' fees for the representation relating to the test protocols at this time, I need not resolve that issue as Plaintiff admits it is not seeking those fees in this matter. Regardless of the ongoing appeal on the separate legal issue of test protocols, Plaintiff's Complaint sufficiently alleges that Medici prevailed on a significant claim and thus Plaintiff may seek attorneys' fees from PMSD for that successful claim. PMSD's motion to dismiss Plaintiff's Complaint as premature will be denied.

## CONCLUSION

Because Plaintiff sufficiently alleges that Medici was a prevailing party who assigned his right to attorneys' fees to Plaintiff, PMSD's motion to dismiss will be denied.

An appropriate Order follows.

 March 17, 2010                                          /s/ A. Richard Caputo
Date                                                                A. Richard Caputo
                                                                         United States District Judge

9

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THE PUBLIC INTEREST LAW CENTER OF PHILADELPHIA, <br><br> Plaintiff, <br><br> v. <br><br> POCONO MOUNTAIN SCHOOL DISTRICT, <br><br> Defendant. | CIVIL ACTION NO. 09-CV-2326 <br><br> (JUDGE CAPUTO) |

## **ORDER**

**NOW**, this  17th  day of March, 2010, **IT IS HEREBY ORDERED** that Defendant Pocono Mountain School District's Motion to Dismiss (Doc. 8) is **DENIED**.

                                                  /s/ A. Richard Caputo  
                                                  A. Richard Caputo  
                                                  United States District Judge