**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THE PUBLIC INTEREST LAW CENTER OF PHILADELPHIA, | CIVIL ACTION NO. 3:09-CV-2326 |
| Plaintiff, | |
| | (JUDGE CAPUTO) |
| v. | |
| THE POCONO MOUNTAIN SCHOOL DISTRICT, | |
| Defendant. | |

**MEMORANDUM**

Plaintiff the Public Interest Law Center of Philadelphia (PILCOP) filed this action against Defendant Pocono Mountain School District (PMSD) seeking attorneys' fees and costs for its representation of Michael Medici in an administrative hearing and appeals against PMSD. PMSD moved for summary judgment (Doc. 24) and PILCOP then filed a cross-motion for summary judgment (Doc. 26). Because Mr. Medici was only minimally successful in his action against PMSD, PMSD's motion for summary judgment will be granted.

**I. Background**

As stated in PILCOP's statement of material facts in support of its motion for summary judgment (Doc. 27),[1] the facts are as follows:

---

[1] Because PMSD violated Local Rule 56.1 by presenting unsupported disputes of fact, PILCOP's statement of material facts will be deemed admitted. *See Robinson v. Consol. Rail Corp.*, 668 F. Supp. 2d 678, 683 n.2 (M.D. Pa. 2009). Local Rule 56.1 dictates

1

Michael Medici is the parent of a son who was a special education student in the Pocono Mountain School District. (Doc. 27 Ex. A.) In early 2007, Mr. Medici, acting pro se, filed to subpoena his son's education records from PMSD. (*Id.*) He then filed a due process hearing request in order to obtain the records. (*Id.*) On August 8, 2007, the Hearing Officer denied Mr. Medici's request to obtain, among other things, copies of standardized test protocols and correspondence among teachers, staff, and parents, finding that these did not constitute educational records under the Family Education Rights and Privacy Act ("FERPA") and the Individuals with Disabilities in Education Improvement Act ("IDEIA"). (*Id.* Ex. C.)

PILCOP agreed to represent Mr. Medici in an appeal of the Hearing Officer's decision. (*Id.* Ex. A.) PILCOP attorney Judith Gran filed exceptions to the decision, appealing to the Special Education Due Process Appeals Review Panel (the "Review Panel"). (*Id.* Ex. E.) The Review Panel reversed the Hearing Officer's decision on the grounds that it excluded broad categories of records that might include individual documents that would constitute records under FERPA or IDEIA. (*Id.* Ex. B.) It ordered the Hearing Officer to consider whether individual records met the standards in the

---

that "[t]he papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required [of the movant], so as to which it is contended that there exists a genuine issue to be tried." This statement must "include references to the parts of the record that support the statements." PMSD did not include a statement of material facts with its motion for summary judgment, but after PILCOP filed its statement, PMSD filed an opposing statement. In that statement, PMSD only includes references to the record in two of its twenty-one paragraphs--and one of those references is to an unsigned affidavit, which cannot provide any basis for summary judgment, *Pension Benefit Guar. Corp. v. Heppenstall Co.*, 633 F.2d 293, 300 (3d. Cir. 1980). Thus, PMSD gave an unsupported statement of facts in violation of Local Rule 56.1, and PILCOP's statement of facts must be deemed admitted by PMSD.

relevant statutes. (*Id.*) PMSD filed suit challenging the Review Panel's authority to remand to the Hearing Officer, (*Id.* Ex. G.) and Mr. Medici removed the suit to federal court, (*Id.* Ex. H.) The District Court granted PMSD's motion for summary judgment, holding that the Review Panel did not have the power to remand to the Hearing Officer and directing the Review Panel to conduct the document review itself. (*Id.* Ex. I.)

On August 30, 2009, the Review Panel issued a final order. (*Id.* Ex. J.) After reviewing individual records, the Review Panel concluded that standardized test protocols are not educational records under FERPA and IDEIA but that teacher/staff/parent correspondence, where it has been maintained by a school district, does constitute an educational record under the statutes. (*Id.*) The Review Panel ordered PMSD to provide Mr. Medici with copies of any teacher/staff/parent correspondence it has maintained. (*Id.*) PMSD did not produce any additional education records to Mr. Medici. (Doc. 27.)

On October 13, 2009, Mr. Medici entered into a retainer agreement with PILCOP assigning his right to any attorneys' fees and costs to PILCOP. (*Id.* Ex. D.) On November 25, 2009, PILCOP filed an action to recover $42,255 in attorneys' fees and costs in its representation of Mr. Medici. (Doc. 1.) The requested award is based on 93.9 hours of work at Ms. Gran's hourly rate of $450, plus $424.55 worth of additional litigation costs. (*Id.*) According to the affidavit of Jennifer Clarke, another attorney at PILCOP, this is a reasonable rate given Ms. Gran's education and experience, the Philadelphia legal market, and the complexity of the underlying litigation. (Doc. 27 Ex. L.)

PMSD filed a motion for summary judgment on October 29, 2010 and PILCOP filed its cross-motion for summary judgment on November 1, 2010. The motions are ripe

3

for review.

## II. Legal Standard

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2). Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Anderson*, 477 U.S. at 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id.* Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* 2D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the court that "the nonmoving party has failed to make a sufficient showing on an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most

4

favorable to the nonmoving party.  *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988).  Once the moving party has satisfied its initial burden, the burden shifts to the non-moving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law.  *Anderson*, 477 U.S. at 256–57.  The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).  In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson*, 477 U.S. at 249.

### III. Discussion

The IDEIA is a statute aimed at "ensur[ing] that all children with disabilities have available to them a free appropriate public education.  20 U.S.C. § 1400(d)(1)(A).  IDEIA regulations provide that parents of children with disabilities have the right to inspect certain educational records of their children, *Id.* § 1415(b)(1), and parents may obtain a due process hearing to enforce that right, 20 U.S.C. §§ 1415(b)(6), (f).  In any proceeding brought under section 1415 of the IDEIA, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability."  *Id.* § 1415(i)(3)(B)(i)(I).  PILCOP seeks attorneys' fees under this provision.  The parties dispute two issues: whether Mr. Medici is a "prevailing party" and whether the attorneys' fees sought by PILCOP are reasonable.[2]

---

[2] In addition to disputing the reasonableness of the fees sought by PILCOP, PMSD argues that the issue of the reasonableness of the attorneys' fees cannot be decided via a

**A. Prevailing Party Status**

PMSD argues that it is entitled to summary judgment on the grounds that Mr. Medici is not a prevailing party and therefore is not entitled to attorneys' fees under section 1415 of IDEIA. There are no genuine issues of material fact, and so I must decide whether either party is entitled to judgment as a matter of law on this issue.

"A plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1993).[3] There is no firm rule to determine when a plaintiff is a prevailing party, *Henlsey v. Eckerhart*, 461 U.S. 424, 437 (1983), and the standard is "generous," *id.* at 433. The Third Circuit has set out a two-pronged test to determine whether a plaintiff is a prevailing party. *See Wheeler v. Towanda Area Sch. Dist.*, 950 F.2d 128, 131 (3d Cir. 1991). The court must determine first "whether plaintiffs achieved relief" and then "whether there is a causal connection between the litigation and the relief from the defendant." *Id.* (citing *Institutionalized Juveniles v. Sec'y of Pub. Welfare*, 758 F.2d 897, 910 (3d Cir. 1985).

Under the Third Circuit test, Mr. Medici is a prevailing party. Beginning with the

---

motion for summary judgment. PMSD's argument is unsupported by legal precedent and contrary to the practice of district courts. *See, e.g.*, *DIRECTV, Inc. v. Walsh*, 540 F. Supp. 552, 562-63 (M.D. Pa. 2008) (granting plaintiff's request for attorneys' fees in his motion for summary judgment); *James S.* ex rel. *Thelma S. v. Sch. Dist. Of Phila.*, 559 F. Supp. 2d 600 (E.D. Pa.) (denying plaintiff's request for attorneys' fees in his motion for summary judgment based on the existence of a genuine issue of material fact).

[3] It should be noted that most of the cases discussing the prevailing party standard involve statutes other than IDEIA. The Supreme Court has explained, however, that the standards are "generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983).

6

first prong, he achieved relief from his appeal of the due process hearing: the Review Panel reversed the decision of the Hearing Officer, held that teacher/staff/parent correspondence maintained by a school district is an educational record, and ordered the school to turn over any records under this category.  Second, the litigation caused Mr. Medici to obtain the relief he sought–he would not have the right to teacher/staff/parent correspondence if he had not filed his appeal.

PMSD's primary argument is that this did not actually alter the legal relationship between the parties by modifying the defendant's behavior.  PMSD explains that it had already provided all documents that would fall under the category of maintained teacher/staff/parent correspondence.  Thus, the Review Panel's order to turn over all maintained correspondence had no effect on PMSD because it did not require PMSD to turn over any new documents to Mr. Medici.  PILCOP admits that PMSD did not turn over any further records in response to the Review Panel's order.  Considering these circumstances, it does seem that Mr. Medici's relief was fairly insubstantial.  The magnitude of Mr. Medici's relief, however, is irrelevant to the prevailing party status inquiry.[4]  *See Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (holding that a nominal damages award is sufficient to create prevailing party status); *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 853 (3d Cir. 2006) (holding that a parent's success need not be substantial in order to create prevailing party status).  As a result of the litigation, Mr. Medici was granted new legal rights and PMSD was given new legal obligations.  Regardless of PMSD's actual response to its new legal obligations, this constitutes

---

[4] The magnitude of relief *is* relevant to the reasonableness inquiry, however, and this will be discussed below.

7

success for Mr. Medici and thus he is prevailing party under IDEIA.

### B. Reasonableness

IDEIA section 1415 allows a prevailing party to receive attorneys' fees "in [the court's] discretion."  20 U.S.C. § 1415(i)(3)(B)(i)(I).  This language suggests that Congress did not intend for courts to award attorney fees to *every* prevailing party. *Farrar*, 506 U.S. at 118-19 (O'Connor, J., concurring).  A court granting attorneys' fees generally begins by multiplying the number of hours reasonably spent on litigation by a reasonable hourly rate.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  However, "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Farrar*, 506 U.S. at 114 (quoting *Hensley*, 461 U.S. at 436).  Where a plaintiff achieves "only partial or limited success," *Hensley*, 461 U.S. at 436, a court may choose to award no fees without consideration of the hour and rate calculation, *Farrar*, 506 U.S. at 114.  In *Farrar v. Hobby*, the Supreme Court upheld the Fifth Circuit's denial of attorneys' fees under 42 U.S.C. § 1988 where a plaintiff had won his suit but received mere nominal damages. *Id.* at 115-16.  The Court noted that the litigation had "accomplished little beyond giving petitioners 'the moral satisfaction of knowing that a federal court concluded that [their] rights had been violated' in some unspecified way." *Id.* at 114 (alteration in original) (quoting *Hewitt v. Helms*, 482 U.S. 755, 762 (1987)).

Mr. Medici's success in his due process litigation, while sufficient to grant him prevailing party status under that generous standard, is simply too slight to merit a granting of attorneys' fees under IDEIA.  Like the plaintiff in *Farrar*, Mr. Medici's success did not result in any real tangible change in his circumstances given that he received no additional records from PMSD.  Rather, it represented more of a symbolic victory of his

interpretation of the term "educational records" in FERPA and IDEIA.  Additionally, Mr. Medici's success was only partial in that the Review Panel sided with PMSD on the issue of whether standardized test protocols constituted records.  It is within my discretion to determine that Mr. Medici's limited victory does not merit attorneys' fees under the IDEIA, and therefore I need not examine PILCOP's arguments about Ms. Gran's rate and hours expended.

## IV. Conclusion

For the reasons explained above, the defendant's motion for summary judgment (Doc. 24) will be granted and the plaintiff's motion for summary judgment (Doc. 26) will be denied.  An appropriate order follows.


July 12, 2011                               /s/ A. Richard Caputo
Date                                        A. Richard Caputo
                                            United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THE PUBLIC INTEREST LAW CENTER OF PHILADELPHIA,<br><br>    Plaintiff,<br><br>          v.<br><br>THE POCONO MOUNTAIN SCHOOL DISTRICT,<br><br>    Defendant. | NO. 3:09-CV-2326<br><br>(JUDGE CAPUTO) |

## **ORDER**

**NOW**, this __12th__ day of July, 2011, **IT IS HEREBY ORDERED** that:

(1) The defendant's motion for summary judgment (Doc. 24) is **GRANTED**.

(2) Judgment shall be entered in favor of the defendant and against the plaintiff.

(3) The plaintiff's motion for summary judgment (Doc. 26) is **DENIED**.

(4) The clerk of court is directed to mark this matter **CLOSED**.


                                                    /s/ A. Richard Caputo
                                                  A. Richard Caputo
                                                  United States District Judge